THE STATE OF CONNECTICUT *vs.* FRANK STEFANOSKY.

Third Judicial District, Bridgeport, April Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Error cannot be predicated upon the admission of evidence to which no objection or motion to strike out was made.

A reference to evidence of a prior conviction of the accused, made by the State's Attorney in his argument to the jury, could have had no prejudicial effect, where the trial court immediately, and again in the charge, amply and correctly instructed the jury that the sole function of the evidence was to impeach the credibility of the accused and that it had no bearing upon his guilt or innocence in the present case.

With respect to the claim of the accused that from six o'clock in the evening until long after the robbery with which he was charged, he was at his home and during most of the time, asleep, the trial court charged the jury that "to give this defense weight the evidence should be such as to show that at the very time of the commission of the alleged offense the accused was at another place, so far away and under such circumstances that he could not, with any ordinary exertion, have reached the place where the alleged offense was committed, so as to have participated in it." *Held* that this instruction was not fairly open to the objection that the jury were thereby informed that the proximity of the accused, either in time or place, to the scene of the crime, would deprive his claim of all weight; and that even if it was, it was not harmful to the accused, since the evidence offered by him as to his whereabouts left no room for application of the question of proximity.

Argued April 19th—decided June 11th, 1927.

INFORMATION charging the accused with the crime of robbery while armed, brought to the Superior Court in New Haven County and tried to the jury before *Dickenson, J.;* verdict and judgment of guilty, and appeal by the accused. *No error.*

*Edward P. O'Meara* and *Harry Watstein,* for the appellant (the accused).

*Benjamin D. Winner,* Assistant State's Attorney, for the appellee (the State).

HINMAN, J.   The State, in support of the information, offered evidence to prove that at about 9:30 o'clock on the night of June 15th, 1926, while Louis Shaw and Genevieve Munson were traveling in an automobile along Ogden Street in New Haven, the defendant jumped upon the running board, pointed a revolver, and commanded Shaw, who was driving, to stop the car, hold up his hands and get out; that Shaw complied, and the defendant covered him with the weapon while three other persons searched his clothing and took a small amount of money from him; that then one of the three demanded of Miss Munson what valuables she had and attempted to pull a ring from her finger, whereupon she removed the ring and gave it to her assailant.   The accused claimed and offered evidence to prove that he arrived at his home, which was within five to seven minutes' walk from the scene of the robbery, shortly after six o'clock, remained about the house until 8:30 or 9 o'clock, then went to bed and remained there until officers called, between 11:30 and 12 o'clock.

The first assignment of error relates to certain questions asked the mother of the accused on cross-examination, but it does not appear that any of such questions which were answered were objected to or any motion to strike out made, and the answers were such that, in any event, the accused would not be harmed by them.

A record of his former conviction of statutory burglary was introduced by the State for the purpose of affecting the credibility of the accused.   In the course of his argument to the jury the State's Attorney remarked that it was unfortunate that the defendant,

in 1924, had been involved in committing burglary at night, but was interrupted by objection of defendant's counsel before he had finished the statement. The State's Attorney thereupon declared that if he had been allowed to complete the sentence it would have been unobjectionable, and that he would withdraw it. Defendant's counsel then moved that the case be withdrawn from the jury. The court denied the motion, but at once admonished the jury to the effect that the only function of the evidence as to the former conviction was with reference to the credibility of the accused as a witness and that no inference could be drawn therefrom as to his guilt or innocence in the present case. Subsequently, in its charge, the court gave ample and correct instructions as to the purpose of the evidence in question and the limitations thereon. Under these circumstances the jury could not, we think, have been misled or the accused prejudiced by the occurrence.

The charge with reference to the evidence as to the identity of the accused, attacked as inadequate, was, on the whole, a fair statement of the evidence pertaining to that branch of the case, so far as is disclosed by the finding, and was, properly, made subject to correction and amplification by the jury's own recollection of the testimony.

The court, in the course of the charge, said: "The defense in this case consists largely of testimony in the nature of an alibi, as it is called; that is, that the accused was, at the very time of the act charged, at another place than where the act was done. To give this defense weight the evidence should be such as to show that at the very time of the commission of the alleged offense the accused was at another place, so far away or under such circumstances that he could not with

any ordinary exertion have reached the place where the alleged crime was committed, so as to have participated in it." The defendant seeks to have this construed as an instruction that if it were possible, under the evidence tending to prove an alibi, for the defendant to have been at the place of the crime at the time it occurred, such evidence was entitled to no weight, whereas the correct rule is that while proximity, in time or place, or both, may weaken the effect of such evidence it does not entirely deprive it of weight. We do not regard the portion of the charge specifically objected to, even considered by itself, as imposing the test which the defendant claims, but as, in effect, merely defining the situation necessary to be established in order to create an effective alibi. Furthermore, the evidence offered by the defendant as to his whereabouts on the evening in question, since it placed him in his home from about six o'clock until long after the robbery, left no room for application of the question of proximity, and so, if the instruction were to be construed as the defendant contends, he could not have been harmed by it. If he was where he and his witnesses claimed, during the time stated, he could not, by any possibility, have been a participant in the crime charged. Again, the court proceeded to fully and fairly review the evidence both as to the identity of the accused and as to the claimed alibi and, as the defendant concedes, instructed the jury that if the evidence as to alibi, considered with all the other evidence, left in their minds any reasonable doubt as to the guilt of the accused, they should acquit him. The jury could not have been misled by the remark of the trial court which is complained of.

The other excerpts from the charge which are made the basis of assignments of error afford no just ground

for complaint on the part of the accused nor occasion for elaboration.

There is no error.

In this opinion the other judges concurred.